```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

UNITED STATES OF AMERICA   :
                           :
        v.                 :        Criminal No. 05-194 (EGS)
                           :
CHARLES R. COLLIER         :

MOTION TO SUPPRESS TANGIBLE EVIDENCE AND
<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF</u>

Mr. Charles R. Collier, the defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence at trial of all tangible objects seized from him on April 24, 2005. Mr. Collier requests an evidentiary hearing on this motion. In support of this motion, Mr. Collier submits the following.

<u>Factual Background</u>

Mr. Collier is charged in a one count indictment with unlawful possession of a firearm by a person convicted of a crime punishable by a term of imprisonment exceeding one year. The charge arose out of an incident that occurred on April 24, 2005.

On that date, in the 1600 block of 1st Street, N.W., officers of the Metropolitan Police Department approached Mr. Collier, stopped him, searched him and arrested him. The officers claim that they found a handgun and ammunition on Mr. Collier's person. At the time the officers stopped Mr. Collier,

they did not have probable cause to arrest him or a reasonable articulable suspicion to stop him.

## Argument

Probable cause is an essential prerequisite to an arrest. <u>Dunaway v. New York</u>, 442 U.S. 200, 213 (1979). The police officers did not have probable cause to arrest Mr. Collier. The warrantless arrest of Mr. Collier, therefore, was unlawful. The evidence seized must be suppressed as the fruit of the unlawful arrest of Mr. Collier. <u>Wong Sun v. United States</u>, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

The evidence also must be suppressed as a fruit of the unlawful warrantless search of Mr. Collier. The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are <u>per se</u> unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." <u>Katz v. United States</u>, 389 U.S. 347, 357 (1967) (footnote omitted). Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment. <u>Coolidge v. New Hampshire</u>, 403 U.S. 443, 455 (1971);

<u>Katz v. United States</u>, 389 U.S. 347, 357 (1967).  Absent a showing of an exception to the warrant requirement, the evidence seized from Mr. Collier must be suppressed.

<u>CONCLUSION</u>

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Collier respectfully requests that this motion be granted and that the Court suppress the use as evidence of all items seized from him.

                              Respectfully submitted,

                              /s/

_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500