UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-194 (EGS) |
| v. | : | |
| CHARLES COLLIER | : | |
| Defendant. | : | |

GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior misconduct on the part of the defendant which is relevant to defendant's intent, knowledge, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") . In support of its motion, the government relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

1. The defendant is charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for One Year or More, in violation of 18 U.S.C. §922(g)(1).

2. At a hearing or trial in this matter, government counsel expects the evidence for this charge to demonstrate substantially as follows: while on patrol during a midnight tour on April 24, 2005, Metropolitan Police Department Officers received a call to respond to a three-car accident with injuries in the 1600 block of First Street, NW, in the District of Columbia. When the officers arrived, the defendant, Charles Collier, was standing outside a car whose driver was trapped inside.

The defendant told officer Robert Glenn that he had been a passenger in the vehicle. Glenn took the defendant's driver's license and went to check on other victims.

As other emergency equipment arrived, two citizens that were not involved in the accident walked up to Glenn and told him that they had seen the defendant get out of a damaged automobile with a pistol in his hand. They claim to then have seen him put the pistol in the waist band of his pants. They pointed the defendant out as "the guy standing next to the mailbox."

Officers then approached the defendant. When the defendant came over, Glenn ushered him along by placing his hand on the small of the defendant's back. Glenn immediately felt a gun in the waistband, and placed the defendant in handcuffs. At the same time, an officer removed a loaded 9mm pistol from the defendant's waistband.

3. In this case, the government seeks to introduce evidence of the defendant's previous possession and/or use of firearms on at least one separate occasion. This instance provides proof in this case that the defendant's possession of the firearm on April 24, 2005, was done knowingly and intentionally, and was not the result of inadvertence or mistake or accident.[1] To this end, the Government has learned that:

    a.    On or about November 24, 2000, the defendant committed the offense of carrying a handgun on his person. He was convicted on April 4, 2001, in Prince George's County, Maryland.

At this time, the undersigned has not yet obtained the complete record in the case. Nonetheless, the information available at this time supports a good faith belief on the part of the

---

[1] The evidence and details described herein are necessarily brief. The government respectfully requests leave to supplement this motion with additional details and evidence, as they become available and as it becomes appropriate to do so.

Government that there is admissible evidence pursuant to Fed. R. Evid. 404(b) contained therein. As soon as the information is received, it will be provided to the defense, and described in full to the court in a supplemental pleading.

4.  Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the Court stated in United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002)(citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially

outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

5.  As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[2]

6.  In the instant case, the government must prove that the defendant possessed the gun and ammunition that were ultimately recovered from the ground knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently. See Criminal Jury Instructions (the "Red Book"), Instruction 4.29. All of the "other crimes" evidence described above is highly probative of the defendant's knowingly and intentional possession of the gun and ammunition in this case. Moreover, this evidence is also probative in showing that the defendant's possession of the gun and ammunition were not the result of mistake or accident. The significant probative value of the evidence here is clearly not outweighed by the danger of unfair

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. t 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

prejudice in this case. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

7. Numerous cases in this Circuit and others demonstrate that evidence of a prior or subsequent possession of a firearm is admissible as 404(b) evidence. See United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002) (evidence of defendant's prior gun possessions admissible under Rule 404(b) "because it was relevant to show knowledge of, and intent to possess, the firearms recovered from his room"). As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" Id. at 793 (citation omitted).

In United States v. Brown, 16 F.3d 423, 424-26 (D.C. Cir. 1994), the defendant had been charged with multiple drug and firearms charges. The police executed a search warrant at a co-defendant's home and recovered drugs and guns in a safe, and the co-defendant and fingerprint evidence indicated the items in the safe belonged to defendant Brown. Id. At 423-26. When arrested three months later, defendant Brown was carrying a pistol and pager, and additional charges for this gun were added to a superceding indictment. Id. at 424.

In addressing the conceded misjoinder, the Court held that the misjoinder was not prejudicial because, among other reasons, the evidence of the additional firearm on defendant Brown's person would have been admissible under Rule 403(b) in a trial of the original charges for the items in the safe. Id. at 429, 430-32. Specifically, the Court found that the gun recovered during the arrest was cross-admissible under 404(b) "because it was relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe during the November Search." Id. at 431. As

5

the Court commented in next finding the evidence admissible under Rule 403, the evidence of defendant Brown's subsequent possession of a firearm "tends to make it less probable that the pistols found in the safe during the November Search were there by mistake or without intent." Id. at 432. While the fact that defendant Brown was arrested while carrying a pistol "could be a very prejudicial fact . . . . this prejudicial fact has considerable probative weight. Therefore, the gun, while a close call, also was cross-admissible." Id. at 432. See also United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm).

Several decisions from other circuits have similarly held that possession of a firearm on one occasion is probative of possession on an earlier or later occasion. See United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1) prosecution, evidence of earlier possession of firearms properly admitted under Rule 404(b) as proof of knowing possession); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (in prosecution for possession of unregistered machine gun, evidence of defendant's simultaneous and subsequent possession of handguns properly admitted under Rule 404(b) as proof of defendant's knowledge and absence of mistake or accident); United States v. Gomez, 927 F.2d 1530, 1553-54 (11th Cir. 1991) (in trial involving carrying a firearm in connection with a drug trafficking offense, evidence of prior gun possession properly admitted under Rule 404(b) to prove, inter alia, absence of "accident or coincidence"); United States v. Williams, 895 F.2d 1202, 1204-06 (8th Cir. 1990) (in trial for carrying a firearm in connection with a drug trafficking crime, evidence of prior gun possession obtained from the execution of search warrants was properly admitted over Rule 403 objection because prior possession was probative of knowledge

and absence of mistake); United States v. Teague, 737 F.2d 378, 379-81 (4th Cir. 1984) (in prosecution of a felon for possession of a gun, evidence of his subsequent offer to sell a gun was admissible under Rule 404(b) as evidence of intent, knowledge, and absence of mistake in his possession of the gun).  Evidence of the defendant's prior possession of a firearm and ammunition should be admitted, therefore, to prove that the defendants' possession was knowing and intentional, as well as to show absence of mistake or accident.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____
ELLIOT WILLIAMS
Special Assistant United States Attorney
Organized Crime and Narcotics Trafficking Section
555 4th St. NW, Rm. 4108
Washington, DC 20530
(202) 514-5241