UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05-194 (EGS)** |
| v. | : | |
| **CHARLES COLLIER** | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION REGARDING RULE 609 EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Motion Regarding Rule 609 Evidence. The Government also intends to notice the defendant of his criminal history and the government's intention to use those convictions should evidence of the conviction be appropriate and relevant. In support thereof, the United States submits the following points and authorities and any other such evidence or argument as may be adduced at a hearing on the Motion.

### Defendant's Criminal Records

1.  Charles Collier

    2002   Prince George's County, Maryland Conviction - Possession with Intent to Distribute a Controlled or Dangerous Substance

    1993   District of Columbia Conviction - Possession with Intent to Distribute Crack Cocaine[1]

### Argument

In the event the defendant testifies at trial, the government should be permitted to impeach

---

[1] While the defendant's 1993 conviction date is outside Rule 609(b)'s ten-year limit, it appears that the defendant's release from confinement falls within the applicable period. The Government is in the process of gathering information on the defendant's convictions, and will supplement the record as necessary.

him with his prior convictions. Rule 609 of the Federal Rules of Evidence allows for the introduction of convictions punishable by imprisonment in excess of one year to attack the credibility of the defendant in a criminal case, subject to a prescribed balancing of probative value and prejudicial effect of evidence. The rule specifically provides that any such conviction "shall be admitted if the [trial] court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). The Rule further prescribes that "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." Fed. R. Evid. 609(a)(2). This Circuit has held that "the district court has discretion to determine when to inquire into the facts and circumstances underlying a prior conviction and how extensive an inquiry to conduct" when balancing the admissibility of evidence under Rule 609. United States v. Lipscomb, 702 F.2d 1049, 1068 (D.C. Cir. 1983); see also United States v. Brown, 603 F.2d 1022, 1028 (1st Cir. 1979) (requirements of 609(b) balancing met "even though specific facts and circumstances were not itemized for the record").

The defendant's prior convictions bear directly upon his credibility. The effect of prior convictions upon a juror's evaluation of witness testimony is well documented. The serious nature of the defendant's prior offenses may be considered by the jury as indicative of his lack of veracity. Such convictions, including offenses involving drugs and weapons, are probative of a defendant's respect for the law and are directly relevant to an examination of his credibility. Courts routinely admit evidence of such prior convictions, even when the prior offenses are of the same type as the instant charges. See e.g., United States v. Smith, 49 F.3d 475, 478 (8th Cir. 1995) (evidence of defendant's prior gun conviction properly used to impeach his credibility in case charging defendant with being a felon in possession of a firearm). The rationale for allowing impeachment by

convictions for crimes involving dishonesty (Fed. R. Evid. 609(a)(2)) is obvious. These types of convictions, regardless of the amount or length of punishment, are directly suggestive of the defendant's character for truthfulness and are relevant areas of inquiry on cross examination.

Of course, the court can and should significantly lessen the prejudicial effect of the admission of evidence of the defendant's prior criminal convictions by instructing the jury as to the limited use to which it can put evidence of a prior conviction.

WHEREFORE, the government respectfully requests that the Court permit the Government to impeach the defendant with his prior convictions should he choose to testify.

>Respectfully submitted,
>
>KENNETH L. WAINSTEIN
>UNITED STATES ATTORNEY
>D.C. Bar No. 451058
>
>_____
>
>ELLIOT WILLIAMS
>Assistant United States Attorney