UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05-194 (EGS)** |
| | : | |
| v. | : | |
| | : | |
| **CHARLES COLLIER** | : | |
| | : | |
| **Defendant.** | | |

## GOVERNMENT'S MOTION TO REVOKE PRE-TRIAL RELEASE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Motion to Revoke Pre-Trial Release. In support of this Motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this motion.

### I. BACKGROUND

The Defendant has been charged with unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g). On the last court date, the Defendant successfully applied to the Court for placement in the High Intensity Supervision Program. The Defendant, through his mother, had secured a job at the Washington Hospital Center. Further, in an effort to assist the Defendant, this Court struck the curfew requirement, allowing the Defendant to be free to pick-up whatever shift work possible.

On December 5th, 2005, Melvin Tildon (Pretrial Services Officer) filed a Status Report in this matter. Officer Tildon reports that prior to the 11/22/05 hearing, the Defendant's electronic

monitoring bracelet was tampered with and removed on two occasions. When the apparatus was checked by Ofc. Tildon, the bracelet fell off. This occurred the weekend before the 11/22/05 hearing. This was not reported to the Court by Pre-Trial Services because of an administrative error (see "Status Report").

## II. DISCUSSION

**A.    HISP PROGRAM CONDITIONS PROPOSE REMOVAL FROM THE PROGRAM FOR TAMPERING WITH THE ELECTRONIC MONITORING BRACELET.**

It is clear from the Defendant's behavior that he does not wish to live under the minimal constraints (when compared to active incarceration) imposed by HISP electronic monitoring. He not only tampered with the electronic bracelet, he did it twice. This contemptuous behavior on the Defendant's part effectively places him in the category of offenders who do not deserve the Court's trust. It is apparent from his behavior that HISP monitoring cannot adequately protect the public from danger. If this information had been available both to the Government and to the Court at the 11/22/05 hearing, it seems far-fetched to believe that the Court would have ignored this behavior and still relaxed the Pre-Trial Services conditions to allow the Defendant to remain in the community.

## III. CONCLUSION

Accordingly, the Government requests that the Defendant's pre-trial release be revoked, and he be remanded to the custody of the Department of Corrections for the pendency of this criminal matter. Further, the Government requests an emergency hearing to determine this motion.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY


_____
CARLOS F. ACOSTA
Special Assistant United States Attorney
Organized Crime and Narcotics Unit
555 4th Street, N.W., Room 4108
Washington, DC 20530
(202) 514-4922