

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

February 8, 2006

Mary Manning Petras, Esq
Office of the Federal Public Defender
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004

**FILED**

FEB 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: United States v. Charles Collier
Criminal Number: 05-0194(EGS)

Dear Ms. Petras:

This letter confirms the agreement between your client, Charles Collier, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

Charles Collier's Obligations, Acknowledgments and Waivers:

1. Your client, Charles Collier, agrees to admit guilt and enter a plea of guilty to the pending indictment charging possession of a firearm by a person convicted of an offense carrying a maximum penalty exceeding one year incarceration in violation of 18 U.S.C. § 922(g). Your client understands that this offense carries a maximum sentence of 10 years incarceration, a fine of up to $250,000 and a period of supervised release of up to 3 years. In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that he will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

Rev. 1/18/05 daj

Further, your client understands that if he has 3 or more convictions for crimes of violence or felony drug offenses, he will be subject to a minimum mandatory sentence of 15 years incarceration, a maximum sentence of life, a fine of up to $250,000 and a period of supervised release of up to 5 years.

2. Your client agrees that the following facts are accurate and could be proven beyond a reasonable doubt at a trial. Your client will admit to these at the time of his plea.

On April 25, 2005 in the District of Columbia at a little before 6:00 a.m. in the morning officers of the Metropolitan Police Department were investigating a traffic accident. Two bystanders told one of the officers that they had seen the defendant, who was standing nearby, exit one of the vehicle involved in the accident. The witnesses reported that they had seen the defendant place a gun in the back part of his pants, his waistband, when he exited the vehicle.

The officers approached the defendant. In the area of his waistband they found a 9mm Ruger pistol containing 9mm ammunition. The ammunition and gun are both manufactured outside of the District Columbia and thus must have traveled in interstate commerce to be present in the District of Columbia. The gun and ammunition are a firearm and ammunition as defined in Title 18 U.S.C. On April 25, 20005 the defendant had at least one prior conviction of an offense carrying a maximum penalty exceeding one year that had not been the subject of a pardon, expunged or otherwise vacated or reversed.

3. Your client agrees that a guideline range for this offense will be computed pursuant to section 2K2.1 of the Sentencing Guidelines. Your client agrees not to seek any downward departures from the applicable guideline range established by the commission.

4. Your client agrees to waive his interest in and not to contest the administrative forfeiture of the firearm and ammunition seized on April 24, 2005.

5. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

6. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

Rev. 1/18/05 daj                             2

7. Your client understands and agrees that he will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

The Government's Obligations, Acknowledgments and Waivers:

8. The Government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by two levels based upon your client's acceptance of responsibility pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence or commit any other criminal offense prior to his sentencing in this matter. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case.

9. At the time of sentencing the government will recommend a sentence at the low end of the applicable guideline range. Your client understands that the Court is not bound by this recommendation and that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case. Additionally, your client understands that this Office reserves its full right to recommend a fine up to the maximum allowable by law. In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct

10. The United States agrees that your client's plea of guilty is pursuant to Federal Rule of Criminal Procedure 11(a)(2). Your client is entering this plea conditioned on his right to appeal the

Rev. 1/18/05 daj                                    3

Court's denial of his motion to suppress the firearm seized on April 24, 2005.

General Conditions

11. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

12. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

13. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

John V. Geise
Assistant United States Attorney


DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Mary Manning Petras, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 2/22/06

*Charles Collier*
Charles Collier
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 2/22/06

Mary Manning Petras, Esquire
Attorney for the Defendant

Rev. 1/18/05 daj

5