UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  :

                              :

    v.                              Criminal No. 05-194 (EGS)

                              :

CHARLES R. COLLIER  :

**DEFENDANT'S SENTENCING MEMORANDUM**

On February 26, 2006, Mr. Charles R. Collier, the defendant, pled guilty before this Honorable Court to one count of possession of a firearm by a person convicted of crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g). He will appear before this Honorable Court for sentencing on June 29, 2006. Mr. Collier, through undersigned counsel, respectfully submits the following for the Court's consideration in determining a reasonable sentence.

Factual Background

Mr. Collier is a 34 years old father of a fourteen-year-old daughter. Since his graduation from McKinley High School in Northeast, Mr. Collier has consistently maintained employment and has persistently sought better employment. He has one prior felony conviction, which brings the current gun charge before this Court. That prior felony conviction was for conspiracy to possess and distribute cocaine base and occurred in 1993, when Mr. Collier was just 21 years old. He has only one other conviction for a misdemeanor petit larceny, involving the theft of a pair of shoes.

The instant offense occurred on April 25, 2005.  On that date, Mr. Collier was a passenger in a car that was involved in a traffic accident.  After the accident occurred, Mr. Collier took the gun that was in the car and put it in his waistband, removing it from the accident scene.  Bystanders saw him put the gun in his waistband and reported it to nearby officers who stopped and searched Mr. Collier.  Mr. Collier was released on his personal recognizance later that day.  Over the last fourteen months, he has been working, looking for better work, and helping to support his daughter.

<u>Argument</u>

The Presentence Investigation Report calculates the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines") as a range of 30 to 37 months incarceration.  The Guidelines, or course, are not mandatory.  The Court must only consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).  <u>United States v. Booker</u>, __ U.S. __, 125 S.Ct. 738, 764 (2005).  These factors include:  "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense."  18 U.S.C. 3553(a).  Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Following <u>Booker</u>, Courts need not justify sentences outside the applicable Guidelines range by citing an applicable Guidelines grounds for departure or factors that take the case outside the

"heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in § 3553, the Court may disagree with the range proposed by the Guidelines and exercise discretion to impose a sentence outside the range.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

In this case, a sentence lower than the applicable Guidelines range is appropriate for many reasons. First, Mr. Collier's sentencing range under the Guidelines is based on the double counting of his criminal history. Mr. Collier's sentence for the 922(g) charge is governed by U.S.S.G. § 2L1.2, which uses prior convictions to establish the offense level as well as the criminal history score. While it is "sound policy to increase a defendant's sentence based on his prior record, it is questionable whether a sentence should be increased twice on that basis." United States v. Galvez-Barrios, 355 F. Supp. 2d 958, 961 (E.D. Wisc. 2005). Because his only

prior felony conviction is for a drug offense, his offense level was increased from a level 14 to a level 20. He also received 3 of his criminal history points because of this conviction. Thus, with credit for acceptance of responsibility, this one prior conviction served to increase his offense level from a 12 to a 17, and increased his criminal history category from a category I to a category III, increasing his total sentencing range from 10 to 16 months, in Zone C, to a range of 30 to 37 months, in Zone D. Mr. Collier recognizes that his prior criminal history is relevant to the Court's analysis under 18 U.S.C. § 3553, however, he submits that the Guidelines scheme greatly overstates this one factor.

A review of the other applicable factors set forth in § 3553(a) demonstrates that a sentence of supervised release would be a reasonable sentence in this matter. When considering the nature and circumstances of the offense, the Court should consider the circumstances that led to the offense. Mr. Collier possessed the gun solely for protection. On the night of his arrest, he had gone to a club with his friend. The gun was in the car only because they believed that given what they heard about the clubs in the District of Columbia they needed to protect themselves. After his friend who was driving the car got into a car accident, Mr. Collier took the gun out of the car and put it in his waistband to remove it from the accident scene. He knows now that carrying a gun even for his own protection not only is illegal and dangerous, but puts his freedom at risk.

When considering Mr. Collier's character, the Court should consider that Mr. Collier is a good, responsible father, who is trying hard to support himself and his daughter. The letters submitted under separate cover attest to his character. As set forth in the PSI, Mr. Collier has always worked hard to maintain employment and constantly seek better job opportunities. Since

April of this year, Mr. Collier has been working at the National Newsletter in Bladensburg, Maryland. He also continues to work part time for Design Essentials, distributing products to hair salons. In addition, he has a pending application with WMATA and expects to hear from them soon. Finally, the Court should consider that Mr. Collier has demonstrated his ability to do well under supervision in this matter, by abiding by the conditions of his release. Mr. Collier has been on release since April 25, 2005 – more than 14 months. As the PSI notes, Mr. Collier's Pretrial Services officer reports that his compliance is "excellent." Mr. Collier is at a point in his life where he has made significant progress in maintaining a productive lifestyle. Taking him away from his jobs and family at this point would serve no purpose and would not be a reasonable sentence.

## Conclusion

For the foregoing reasons, and such other reasons as may be presented at the sentencing hearing, Mr. Collier respectfully requests that the Court not impose a sentence of any additional incarceration and impose a sentence of supervised release.

Respectfully submitted,

/s/

_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500

5