UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA** :
:
    v.                          Cr. No. 05-194 (EGS)
:
**CHARLES R. COLLIER**    :

### SUPPLEMENTAL SENTENCING MEMORANDUM

On February 22, 2006, Charles R. Collier pled guilty to one count of unlawful possession of a firearm by a person convicted of a crime punishable by a term of imprisonment exceeding one year. The Court has continued the sentencing hearing in this matter on several occasions in order to give Mr. Collier an opportunity to continue to demonstrate that he can be a productive, law-abiding member of the community. At the most recent sentencing hearing, the Court inquired whether undersigned counsel was aware of any post-<u>Booker</u> case law regarding the consideration of post-conviction rehabilitation as a basis for imposing a non-Guidelines sentence. In response to that inquiry, undersigned counsel respectfully submits the following as additional support for Mr. Collier's request that the Court impose a sentence that does not include a period of incarceration.

On December 10, 2007, the United States Supreme Court issued two opinions reaffirming the broad discretion of sentencing

courts to evaluate the sentencing factors in 18 U.S.C. § 3553(a), and determine "that, in a particular case, a within Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 564 (2007) (citing 18 U.S.C. § 3553(a)(2000 ed. and Supp. V)); see also Gall v. United States, 552 U.S. __, 128 S.Ct. 586 (2007). Although the Court must use the sentencing Guidelines as a starting point, the court "may not presume that the guidelines range is reasonable." Gall, 128 S.Ct. at 596-97.

In Gall, the Supreme Court specifically recognized post-offense rehabilitation as an appropriate consideration under § 3553. Gall, 128 S.Ct. at 602. As the Court noted, rehabilitation "lends strong support to the conclusion that imprisonment [is] not necessary to deter [the defendant] from engaging in future criminal conduct or to protect the public from his future criminal acts." Id.

Rather than presume that a Guidelines sentence is the correct sentence, the Court must "evaluate how well the applicable Guideline effectuates the purposes of sentencing enumerated in § 3553(a)." United States v. Pickett, 475 F.3d 1347, 1353 (D.C. Cir. 2007). "One, but only one, of the factors sentencing courts must . . . consider is the sentencing range under the Guidelines, 18 U.S.C. § 3553(a)(4)(A)." Id. at 1352 (emphasis added). As set forth in the Presentence Investigation

Report, the applicable sentencing range under the Guidelines is 30 to 37 months.  A sentence in this range would be greater than necessary to serve the purposes of sentencing set forth in § 3553.  See 18 U.S.C. § 3553(a) (Sentences must be "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]").

   In a sentencing memorandum filed on June 27, 2006, Mr. Collier asserted that, as applied to his case, the Guidelines inappropriately give too much weight to one factor – his one prior felony conviction, which occurred fourteen years ago, in 1993.  Mr. Collier noted that, under U.S.S.G. § 2L1.2, this prior conviction was used to increase his offense level as well as his criminal history category.  In response to this argument, the Court, at the February 2nd hearing, inquired whether the Court should reconsider factors taken into consideration in the formulation of the Guidelines (or the manner in which these factors were considered).  The D.C. Circuit's opinion in Pickett answered this question.  The court left no doubt that "[u]nder Booker, a sentencing court in any one case will be considering many of the same factors the Sentencing Commission took into account in formulating the Guidelines for all cases." Pickett, 475 F.3d at 1352.  A sentencing court's consideration of these factors – despite the Guidelines' consideration of the same factors – is not only permitted, but required.  Id. at 1353

(district court cannot "simply presume" Guidelines sentence is correct, but must "evaluate how well the applicable Guideline effectuates the purposes of sentencing enumerated in § 3553(a)").

Finally, the Court should consider that a sentence of probation or supervised release without any additional period of incarceration is a significant sentence.  As the Supreme Court noted, while "custodial sentences are qualitatively more severe than probationary sentences of equivalent terms," "[o]ffenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty."  <u>Gall</u>, 128 S.Ct. at 595.

Mr. Collier has been on pretrial release for almost three years, since April, 2005.  During this time, he has consistently maintained employment.  He is currently working for AllStar Utility, a contractor for PEPCO, and he works part-time for Bath and Bodyworks in Bowie, Maryland.  He has demonstrated that he will continue to be a productive citizen and do well in the community.

## Conclusion

For the foregoing reasons, the reasons submitted in Mr. Collier's June 27, 2006, sentencing memorandum, and such other reasons as may be presented at the sentencing hearing, Mr. Collier respectfully requests that the Court impose a sentence that does not include a period of incarceration.

```
                              Respectfully submitted,

                                      /s/

                              _____
                              Mary Manning Petras
                              Assistant Federal Public Defender
                              625 Indiana Avenue, N.W.
                              Suite 550
                              Washington, D.C.  20004
                              (202) 208-7500
```