UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v.   : | Criminal No.  05-194-01 (EGS) |
| : | |
| CHARLES COLLIER   : | |
| Defendant.   : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits its memorandum in aid of sentencing. In support of the position taken herein, the United States proffers the following points and authorities, as well as any others that may be cited at the sentencing hearing in this matter.

*Discussion*

*The Defendant's Criminal Conduct*

On April 25, 2005, shortly before 6:00 a.m., officers of the Washington, DC, Metropolitan Police Department were investigating a traffic accident that had occurred in the 1600 block of First Street NW, in Washington, DC. Two bystanders informed the officers that they had seen the defendant, Charles Collier, who was standing nearby, exit one of the vehicles involved in the accident. The witnesses reported that they had seen the defendant place a gun in the back part of his pants, in his waistband, as the defendant exited the vehicle.

The officers approached the defendant. The officers found in the defendant's waistband a

Ruger 9 millimeter pistol, loaded with 9 millimeter ammunition. The gun and ammunition were manufactured outside of the District of Columbia and thus must have traveled in interstate commerce to be present in the District of Columbia. Moreover, the gun and ammunition are a firearm and ammunition as defined in Title 18 U.S.C. On that date, April 25, 2005, the defendant had at least one prior conviction of an offense carrying a maximum penalty exceeding one year that had not been the subject of a pardon, expungement, or had been otherwise vacated or reversed.

*Procedural Background*

On May 24, 2005, the Grand Jury returned a one count indictment against the defendant, charging the defendant with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, with regard to the events of April 25, 2005.

On February 22, 2006, the defendant pled guilty to the one count indictment, in accordance with a written plea agreement with the government. In that plea agreement, the government agreed to recommend a sentence at the low end of the defendant's guidelines range. At the time of his plea, the defendant remained released on his personal recognizance. While on release pending sentencing, the defendant has violated the conditions of his pre-sentence release numerous times by testing positive for the use of PCP and the use of marihuana.

*The Defendant's Guidelines Range*

The defendant's adjusted offense level for this offense is 20. Due to his acceptance of responsibility for the offense, and pursuant to his written plea agreement, the defendant is entitled to a two point downward departure. However, previous government counsel did not object to the pre-sentence investigation report writer's calculation that the defendant is entitled to a three point downward departure. The government thus concedes that the defendant's total offense level is 17, rather than 18. The defendant's criminal history places him in a criminal history category of III. Accordingly, the defendant's guidelines range for the offense calls for a period of incarceration from 30 to 37 months.

*Recommendation*

Despite the defendant's violation of the terms of his plea agreement by repeatedly testing positive for drug use, the government stands by its agreement to recommend a sentence at the low end of the defendant's guidelines range, that is, a sentence of 30 months' incarceration. However, this case has been pending sentencing for almost two years, affording the defendant many opportunities to further violate the conditions of his release. The government would oppose any further postponement of the defendant's sentencing, currently scheduled for Friday, February 15, 2008. The government further recommends that the defendant be taken into custody on February 15, 2008 to begin serving that sentence.

**WHEREFORE**, the United States respectfully moves that the Court to impose a sentence of thirty months' incarceration followed by three years of supervised release.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:  _____/ S /_____
EDWARD A. O'CONNELL
Assistant United States Attorney
D.C. Bar No. 460-233
555 Fourth Street NW
Room 43814
Washington, DC  20530
(202) 514-7505
(fax) (202) 514-0477